**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| FATHOLLAH PARTOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:14-cv-0770-LJM-MJD |
| | ) | |
| INDIANA HENDRICKS COUNTY | ) | |
| GOVERNMENT, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Granting *In Forma Pauperis* Status, Dismissing Complaint,**
**and Directing Further Proceedings**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **granted.**

**II.**

The complaint is now subject to screening pursuant to 28 U.S.C. ' 1915(e)(2)(B). This statute requires a court to dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, to satisfy the notice-pleading standard of Rule 8 of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). Pro se complaints such as that filed by Mr. Partow are construed liberally and held to a less stringent standard than formal pleadings drafted

by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Applying these standards, the complaint must be dismissed for failure to state a claim upon which relief can be granted for the reasons explained below:

"Congress has conferred subject matter jurisdiction on the district courts only in cases that raise a federal question and cases in which there is diversity of citizenship among the parties." *Smart v. Local 702 Intern. Broth. Of Elec. Workers,* 562 F.3d 798, 802 (7th Cir. 2009) (citing 28 U.S.C. '' 1331-32). Here, the complaint does not assert any basis for this Court's jurisdiction.

If the plaintiff seeks to state a civil rights claim under 42 U.S.C. § 1983, he must allege that a state actor defendant deprived him of a right secured by the Constitution or laws of the United States. Mr. Partow alleges that the "Hendricks County Government" hates him and gave away his assets causing him at age 80 to live below the poverty line. He alleges that his inability to pay property taxes on 13 unsold lots resulted in the Hendricks County Government conducting a property tax sale. He seeks the payment of the market value of the property, $975,000. He does not allege that any federal statutory or constitutional provision has been violated. He also does not allege when the alleged unlawful conduct occurred, or which individuals participated in such misconduct.

The only defendant named is the Indiana Hendricks County Government. This is not a suable entity. A claim against a county can only proceed if it is alleged that the deprivation of a plaintiff's rights was the result of an existing policy or custom. *Smith v. Sangamon County Sheriff's Dept.,* 715 F.3d 188, 191-92 (7th Cir. 2013). The plaintiff has alleged no policy or custom.

In sum, the complaint does not allege a basis to invoke this Court's subject matter jurisdiction. In addition, the complaint does not name a viable defendant. Therefore, the complaint is **dismissed** for failure to state a claim upon which relief can be granted.

**III.**

The dismissal of the complaint will not lead to the dismissal of the action at this time. Rather, Mr. Partow shall have **through June 23, 2014**, in which to file an amended complaint, if he chooses to do so.

In filing an amended complaint, Mr. Partow shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," (b) the amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances, (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury, and (d) the amended complaint shall contain a clear statement of the relief that is sought.

Any amended complaint must have the words "amended complaint" on the front page. It shall also have the proper case number, "1:14-cv-0770-LJM-MJD" on the front page. If no amended complaint is filed by the deadline, the action will be dismissed for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

Date: ___05/20/2014_____

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Fathollah Partow
254 Coatsville Drive
Westfield, IN 46074